UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

TRIPLE H AUTO & TRUCK SALES, INC.,　　　　　　　　Case No. 07-13734-MAM-7

Debtor.

## ORDER DECLARING DEALER SERVICES CORPORATION
## HAS PRIORITY OF LIENS

Kent D. McPhail, attorney for Hancock Bank
Robert D. Reynolds, attorney for Dealer Services Corporation
Denise I. Littleton, Chapter 7 Trustee

This case is before the Court on Hancock Bank's Motion to Determine Priority of Liens in two vehicles. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court concludes that Dealers Services Corporation has a perfected security interest in the 2007 Escalade and the 2006 Hummer at issue and has first priority liens on the two vehicles.

FACTS

The parties entered into a joint stipulation of facts in the case and it is incorporated by reference. Rodney and Dede Hinton were the sole owners and principals of a used car dealership, Triple H Auto & Truck Sales, Inc. ("Triple H"). On December 11, 2007, Triple H voluntarily filed a chapter 11 bankruptcy petition. After several relief from stay motions were heard and orders entered, the case was converted to one under chapter 7, and the debtor's inventory of vehicles was dispersed to the appropriate lienholders. However, two vehicles, a 2007 Escalade and a 2006 Hummer, are currently being held by Dealers Services Corporation ("DSC") until the priority of liens

1

on the vehicles is determined. Both DSC and Hancock Bank purport to have first liens on the vehicles. The facts surrounding the priority dispute are as follows.

On March 19, 2007, Dede Hinton borrowed $48,000 from Hancock Bank to purchase, for her personal use, a 2007 Escalade (VIN 1GYEC63897R2910952) from Triple H. On March 21, 2007, Hancock Bank paid Triple H $48,000 for the 2007 Escalade. Hancock Bank obtained a signed guarantee from Triple H that it would file a first lien security on the 2007 Escalade in favor of Hancock Bank within 120 days and obtained a copy of an application for certificate of title on the 2007 Escalade naming Dede Hinton as owner and Hancock Bank as the first lienholder. However, this application was never filed with the State of Alabama. Triple H did not file a first lien on the vehicle in favor of Hancock Bank because the certificate of title for the 2007 Escalade does not list Hancock Bank as the lienholder, nor does it list Dede Hinton as the owner. Instead, the certificate states that the title was assigned to Triple H from Hooney Auto Sales. There is no indication on the title that anyone bought the vehicle from Triple H. Furthermore, it appears that Triple H purchased the 2007 Escalade from Hooney's Auto Sales on October 30, 2007.

Triple H had a valid floor planning contract with DSC that was executed on July 5, 2006. The agreement was personally guaranteed by both Rodney and Dede Hinton. The agreement consisted of a promissory note and security agreement that granted DSC a security interest in the vehicles that Triple H used as collateral for approved financing from DSC. The agreement was properly perfected according to Alabama law. On November 12, 2007, DSC was given the original title of the 2007 Escalade (VIN 1GYEC63897R2910952) as collateral, and DSC approved flooring $45,000 to Triple H pursuant to the floor planning agreement.

On August 4, 2007, Triple H bought a 2006 Hummer (VIN 5GRGN22U66H103704). Rodney Hinton borrowed $39,798 on August 7, 2007 from Hancock Bank to purchase the 2006 Hummer for his personal use. On August 9, 2007, Hancock Bank paid Triple H $39,798 for the purchase of the 2006 Hummer. Hancock Bank obtained a copy of the application for certificate of title that was to be submitted by Triple H to the state department and it lists Hancock Bank as the first lienholder. However, the application was never filed because Hancock Bank is not listed as a lienholder on the certificate of title, and Rodney Hinton is not listed as the owner or assignee on the certificate of title. On August 10, 2007, DSC agreed to extend floor plan financing to Triple H in the amount of $36,475. DSC was given the original certificate of title for the 2006 Hummer (VIN 5GRGN22U66H103704) as collateral.

Hancock Bank and DSC claim competing security interests in the 2007 Escalade and the 2006 Hummer and have moved for the court to determine the priority status of the liens.

LAW

Federal courts must apply state law when determining the extent, validity, and priority of liens and security interests that were created pursuant to state law. *In re Haas*, 31 F.3d 1081 (11th Cir. 1994). Therefore, the court will apply Alabama law to this issue. In Alabama, the exclusive manner of perfecting a security interest in a motor vehicle is by being listed as a lienholder on the certificate of title. ALA. CODE §§ 32-8-66, 7-9A-311(b) (1975). A vehicle becomes "covered by a certificate of title when a valid application for the certificate of title and the applicable fee are delivered to the appropriate authority." ALA. CODE § 7-9A-303(b). A security interest in a vehicle "is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected" by delivering the certificate of title or application for certificate of title and the fee

3

to the Department of Revenue. ALA. CODE § 32-8-61; *Matter of Patterson,* 185 B.R. 354 (Bankr. N.D. Ala. 1995).

Hancock Bank was never listed as lienholder on the certificate of title. Therefore, pursuant to Alabama's Uniform Certificate of Title and Antitheft Act, Hancock Bank is not perfected and does not have priority ahead of DSC. Hancock Bank argues that DSC is not perfected because the 2007 Escalade and the 2006 Hummer that DSC floor planned for Triple H were not owned by Triple H at the relevant times DSC financed Triple H. Hancock Bank asserts, instead, that the vehicles were purchased from Triple H by Dede and Rodney Hinton and were their personal property, not property of Triple H. While the facts indicate that Hancock Bank believed it was loaning money to the Hintons for their purchase of personal use vehicles, legally, that is not what is presented in the evidence before the court.

From the documents presented to the court, it appears, first, that Triple H did not even own the 2007 Escalade at the time Hancock Bank paid Triple H for it. Second, the certificates of title for the two vehicles were never changed to reflect a sale to Dede or Rodney Hinton. The certificates of title for both vehicles state that Triple H was the buyer/assignee, and there is no transaction listed on the titles that indicate Triple H subsequently sold the vehicles to Dede and Rodney Hinton. The original certificates of title that DSC currently holds list Triple H as the current owner of the vehicles. Third, given that Triple H did hold legal title to the vehicles, it had "the power to transfer rights in the collateral to" DSC. ALA. CODE § 7-9A-203(b)(2). Therefore, DSC has a valid, attached security interest in the vehicles that is properly perfected and is enforceable against Hancock Bank.

4

IT IS ORDERED that Hancock Bank's Motion to Determine Priority of Liens is GRANTED by a declaration by the court that Dealers Services Corporation holds priority liens in the 2007 Escalade (VIN 1GYEC63897R2910952) and the 2006 Hummer (VIN 5GRGN22U66H103704).

Dated:   June 2, 2008

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE